UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GAZI A. HOSSAIN

                  Plaintiff,                        ORDER
                                                    05-CV-1210 (NGG) (LB)

      v.

STRAUSS DISCOUNT AUTO, et. al,

                  Defendants.
--------------------------------------------------------X
GARAUFIS, United States District Judge.

On February 28, 2005, plaintiff Gazi Hossain ("Hossain") filed suit against his former

employer, defendant Strauss Discount Auto ("Strauss") and an unspecified number of Strauss'

employees.  Hossain alleges that Strauss terminated him on basis of his race, national origin and

gender in violation of Title VII, and seeks money damages and injunctive relief.

Strauss was not served with the complaint until May 4, 2005.  Strauss' answer was

therefore due on May 24, 2005.  Strauss not having answered, Hossain filed a motion for default

judgment on June 22, 2005.  Strauss then filed an answer on July 13, 2005, along with a letter

requesting an extension of time within which to answer.  The Clerk of Court did not enter default

against Strauss in the interim, and no default judgment has issued.

Defendant Strauss now having answered, Hossain's motion for entry of default and for

default judgment is denied.  Courts generally do not enter default after a tardy party has

answered.  See Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1317 (11th Cir.

2002).  Moreover, even if the Clerk had entered judgment prior to Strauss' answer, this court

would have been constrained, in the circumstances of this case, to set aside that entry of default

pursuant to Fed. R. Civ. P. 55(c) and allow this case to proceed toward an adjudication on the

merits. This is because default judgments "are generally disfavored and are reserved for rare

occasions." State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 168 (2d

Cir. 2004) (citation and quotation marks omitted). Rule 55(c) provides: "For good cause shown

the court may set aside an entry of default." Because Rule 55(c) does not define the term "good

cause," the Second Circuit has established three criteria that must be assessed in order to decide

whether to relieve a party from default. These factors are: (1) whether the default was willful; (2)

whether setting aside the default would prejudice the adversary; and (3) whether a meritorious

defense has been presented. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). Here,

these factors would speak clearly in favor of vacating default. While this court is less than

impressed by Strauss' apparent attempt to pin the blame for its delinquency in answering the

complaint on confusion relating to Hossain's current address, the fact remains that Strauss'

failure to timely answer has delayed this litigation by only about seven weeks, a length of time

which could hardly prejudice Hossain's ability to pursue his claim. Moreover, in answering,

Strauss has raised several affirmative defenses which, if substantiated, might present a complete

defense to Hossain's claims. Under these circumstances, adjudication on the merits is clearly

warranted. Accordingly, Hossain's motion for default judgment is denied, and Strauss' request

for an extension of time to respond is granted.


SO ORDERED.

Dated: July 14, 2005　　　　　　　　　　　　_____/s/_____
　　　Brooklyn, NY　　　　　　　　　　　　Nicholas G. Garaufis
　　　　　　　　　　　　　　　　　　　　　United States District Judge